IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

CHARLES E. FOSTER, JR.                                                                                  PLAINTIFF
ADC #147301

v.                                      2:17CV00016-BRW-JJV

TAMEKA COLEMAN, Disciplinary
Hearing Officer, EARU, ADC; *et al.*                                                              DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

# INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I. INTRODUCTION

Charles E. Foster, Jr. ("Plaintiff") brings this action *pro se* and under 42 U.S.C. § 1983. (Doc. No. 2.) He alleges he was denied procedural due process in a disciplinary hearing at the East Arkansas Regional Unit of the Arkansas Department of Correction.

Defendants Coleman and Jackson have filed a Motion for Judgment on the Pleadings. (Doc. No. 17.) They argue Plaintiff has failed to state a constitutional due process claim upon which relief may be granted. (*Id.*) Plaintiff has not responded and his deadline for doing so has passed.

### II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). If as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one. *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *see O'Neal v. State Farm Fire & Cas. Co.*, 630 F.3d 1075, 1077 (8th Cir. 2011).

2

When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Young v. City of St. Charles, Mo.*, 244 F.3d 623, 627 (8th Cir. 2001). The court reads the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

### III.  ANALYSIS

Mr. Foster says that on March 21, 2016, he was charged with two disciplinary violations - failure to obey staff and provoking or agitating a fight. (*Id.* at 5.) Disciplinary Hearing Officer Coleman convened a hearing on March 30, 2016, and found Plaintiff guilty of both offenses. (*Id.* at 6.) But after the hearing, when Mr. Foster received a copy of the Disciplinary Hearing Action Form, he discovered Officer Coleman had also convicted him of a third infraction - insolence to a staff member. (*Id.* at 7.) The insolence to a staff member charge was based on an interaction with separate Defendant Andrews.[1] (*Id.* at 5.) Mr. Foster says that Defendant Coleman never mentioned this charge at his hearing and he was only made aware of it after he received the conviction document. (*Id.* at 7-8.) He appealed the conviction and it was later reversed. (*Id.* at 9.)

Despite the reversal, Plaintiff purportedly experienced "thirty days of restriction from commissary, telephone, and visitation privileges; thirty days to be served in disciplinary segregation where he was to be deprived of the amenities on which he has come to rely on as Class I-C inmate, and reduced to Class IV from Class I-C." (*Id.* at 6.)

From a practical standpoint - and taking Plaintiff's allegations as true - it is understandable why Mr. Foster believes he was wronged. He was charged with and sentenced for a disciplinary

---

[1] After two attempts, Defendant Andrews has not been served. (Doc. Nos. 8, 19.)

3

infraction of which he was unaware. He had no opportunity to defend against the charge or present his version of events. But it is settled law that a valid Fourteenth Amendment due process claim requires a plaintiff to "demonstrate that he was deprived of life, liberty, or property by government action." *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Given that Plaintiff has not identified any deprivation of life or property, he must show the deprivation of some liberty interest. A disciplinary conviction implicates a liberty interest only where the punishment results in an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). The punishments Plaintiff was allegedly subjected to simply do not rise to such an atypical hardship. *See Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (thirty days in punitive segregation was not an atypical and significant hardship); *Driscoll v. Youngman*, 1997 U.S. App. LEXIS 26232, 1997 WL 581072 (8th Cir. 1997) (unpublished decision) (135 days in disciplinary and administrative segregation without "meaningful exercise, natural light or adequate time in the library" did not amount to an atypical and significant hardship); *Ballinger v. Cedar Cnty.*, 810 F.3d 557, 562 (8th Cir. 2016) (finding no atypical hardship where claimant alleged reduced access to showers, telephone use, exercise, and social interaction with others); *Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) (no atypical hardship where claimants' cells "were infested with vermin; were smeared with human feces and urine; and were flooded with water from a leak in the toilet on the floor above.").

I note the pending Motion to Dismiss was filed by Defendants Coleman and Jackson. But Defendant Andrews should also be dismissed based on the above rationale. Additionally, taking Plaintiff's allegations at face value, I find no other viable claims against Defendant Andrews. It is well established that verbal threats, standing alone, do not state an actionable claim under section 1983. *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) ("Verbal threats are not constitutional

4

violations cognizable under § 1983."). Similarly, violations of prison policy also fail to give rise to viable claims. *See Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997).

I am sympathetic to Plaintiff's claims. But based on the foregoing, I find Plaintiff has failed to state viable due process claim and this matter should be dismissed for failure to state a claim upon which relief may be granted.

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Judgment on the Pleadings (Doc. No. 17) be GRANTED and Defendants Coleman and Jackson be dismissed.

2. Defendant Andrews be dismissed.

3. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

4. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

5. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

Dated this 6th day of April, 2017.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."